# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANNE STEVENS | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 10-2888 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                MARCH 31, 2011

Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 11) and defendant's response thereto (Doc. No. 12), the court makes the following findings and conclusions:

       1.      On April 9, 2008, Dianne Stevens, ("Stevens") filed an application for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433; 1381-1383f, seeking a closed period of benefits from April 1, 2008 to November 3, 2009. (Tr. 112-14; 115-18). Throughout the administrative process, including an administrative hearing held on October 22, 2009 before an ALJ, Stevens' claims were denied. (Tr. 16-23; 24-49; 57-61; 62-66). After the Appeals Council denied review, pursuant to 42 U.S.C. § 405(g), Stevens filed her complaint in this court on June 17, 2010. (Tr. 1-3; Doc. No. 3).

       2.      In her November 3, 2009 decision, the ALJ concluded, *inter alia*, that: (1) Stevens had severe lumbar spine disorders, bilateral knee osteoarthritis, and obesity; (2) her impairments did not meet or equal a listing; (3) she had the RFC to perform sedentary work with an at will sit/stand option, no pushing or pulling with the lower extremities, and only occasional climbing, balancing, stooping, kneeling, crouching, and crawling; (4) she could perform her previous work as telephone market survey interviewer; and (5) Stevens was not disabled. (Tr. 17 ¶ 1; 19 Findings 3 & 4; 21 Finding 5; 22 Finding 6; 23 Finding 7; 23 ¶ 2 ).[1]

       3.      This Court has plenary review of legal issues, but it reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir.

---

[1] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

       4.     Stevens raises two arguments in which she alleges that the determinations by the ALJ were legally insufficient or not supported by substantial evidence. These arguments are addressed below. However, upon independent consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

       A.     Stevens first contends that the RFC assessment of the ALJ was not based on medical evidence. Specifically, Stevens finds the ALJ's reliance on an RFC report from a non-physician state agency employee to be in error. (Tr. 22 ¶ 5; 315-320). The ALJ did not rely only on this RFC report in making her determinations. The ALJ also relied on the medical evidence including X-ray, MRI and physical examination results showing limitations compatible with sedentary work, and Stevens' testimony regarding, *inter alia*, her ability to complete activities of daily living. (Tr. 20 ¶¶ 1-2, 6-7; 21 ¶ 3 - 22 ¶ 1). I find no error in the ALJ agreeing with the conclusions of a non-physician who is experienced in social security law after first reviewing the record, presiding over the hearing, and recounting the relevant medical evidence in her decision.

Stevens also takes issue with the notation by the ALJ that no evaluating or treating physician opined that she was unable to work, suggesting that the ALJ erred in factoring this lack of relevant medical evidence into her conclusions. (Tr. 22 ¶ 4). Stevens shows a fundamental misunderstanding of the burden of proof in this case. Stevens does not suggest that there is medical evidence in the record which was ignored by the ALJ and she readily agrees that there is not even an opinion from a treating doctor in the record. It is Stevens who has the burden of proving that there is medical and testimonial evidence establishing that she is incapable of performing limited sedentary work. Rossi v. Califano, 602 F.2d 55, 57 (3d Cir. 1979). There is no error in the ALJ noting the lack of medical evidence supporting Stevens' claims and her failure to meet her burden of proof.

      B.     Second, Stevens argues that the ALJ failed to adequately credit her testimony regarding the amount of pain she suffered. The credibility determination of the ALJ is entitled to deference, since she had the opportunity to directly observe the claimant. Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003). In making her credibility determination, the ALJ first recounted Stevens' activities of daily living which appeared compatible with her RFC assessment. (Tr. 21 ¶ 3). Next, the ALJ stated that there was no objective medical evidence supporting the level of limitation alleged by Stevens and reviewed the relevant medical records showing, *inter alia*, improvement in her symptoms. (Tr. 21 ¶ 4 - 22 ¶ 2). As noted by Stevens, there are several X-ray, MRI, and physical exam results showing impairments to her back and knees which could cause pain. (Tr. 189; 193; 207; 211; 273; 283-88; 310-13; 325; 327; 333-35;

340-41).  This evidence does not diminish the ALJ's credibility assessment but instead supports her finding that while Stevens' allegations of pain were supported, the level of pain alleged was not supported.  (Tr. 21 ¶ 4 - 22 ¶ 6); see e.g. (Tr. 189; 193; 207; 211 (showing rather mild arthritis in the knees); Tr. 273; 283-88; 327 (showing scoliosis of the lumbar spine); 312-313; 333-35 (reporting, *inter alia*, good strength and no ambulation problems)).  This evidence also supports the restrictive sedentary RFC that the ALJ assigned to Stevens.  (Tr. 21 Finding 5). Once the ALJ concluded that Stevens possessed impairments which could reasonably cause pain, it was her duty "to determine the extent to which [Stevens was] accurately stating the degree of [her] pain."  Hartranft, 181 F.3d at 362.  I find, as outlined above, that the ALJ adequately discharged her duty and supported her credibility assessment with substantial evidence.

     5.    After carefully reviewing all of the arguments and evidence, I find that the ALJ's conclusion that Stevens was not disabled was legally sufficient and supported by substantial evidence.  As a result, Stevens' request for relief must be denied and the decision must be affirmed.

     An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANNE STEVENS | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 10-2888 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**ORDER**

AND NOW, this 31st day of March, 2011, upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 11), defendant's response thereto (Doc. No. 12) and having found after careful and independent consideration that the record reveals that the Commissioner applied the correct legal standards and that the record as a whole contains substantial evidence to support the ALJ's findings of fact and conclusions of law, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE DEFENDANT, AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** and the relief sought by plaintiff is **DENIED**; and

2. The Clerk of Court is hereby directed to mark this case closed.

*/s/ Lowell A. Reed, Jr.*
LOWELL A. REED, JR., Sr. J.